IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| HEATH P. BOWIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERAL INSURANCE COMPANY, | ) |
| c/o GAB ROBBINS NORTH AMERICAN, | ) |
| INC., | ) |
| | ) Civil Action No. 5:06-CV-059-C |
| Defendant. | ) ECF |

**ORDER**

On this date, the Court considered Plaintiff's Motion to Proceed *in Forma Pauperis* filed on March 24, 2006. Plaintiff, proceeding *pro se*, filed a Complaint alleging that he "injured [him]self" while working for a delivery company and that the insurance company "blocked [him] the whole time and even denied medical treatments and [an] MRI." (Compl. at p. 1.) This was the entirety of Plaintiff's Complaint. Because Plaintiff's Complaint lacked any detail beyond its one-sentence allegation, the Court was unable to make an initial determination whether Plaintiff should be allowed to proceed *in forma pauperis* without Plaintiff's supplementing his Complaint with more detail and factual allegations. Thus, on April 25, 2006, the Court issued an Order requiring Plaintiff to complete a Questionnaire and return it to the Clerk for filing on or before

May 9, 2006.[1]  Because Plaintiff has now filed his responses to the Questionnaire, the Court will evaluate his claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

Pursuant to 28 U.S.C. § 1332, the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties;[2] or (4) a foreign state.  *See* 28 U.S.C.A. § 1332.  A court may hold, *sua sponte*, that it lacks subject matter jurisdiction because the amount-in-controversy requirement is not satisfied.  *See Simon v. Wal-Mart Stores*, 193 F.3d 848, 859 (5th Cir. 1999) (finding that it was not apparent from the face of the complaint that the amount in controversy exceeded the jurisdictional minimum).

In Plaintiff's responses to the Court's Questionnaire, he indicated that the amount which he believed he is entitled to was "$17,600 [f]or 22 months plus for pain & suffering, $8,000." (Questionnaire at p. 6.)  The total recovery that Plaintiff seeks is $25,600, which does not exceed the sum or value of $75,000, the minimum amount required to pursue this action in federal court.

---

[1] On May 1, 2006, the April 25, 2006 Order and Questionnaire were returned to the Clerk of Court as undeliverable to the address supplied by Plaintiff when he filed his Complaint.  On May 12, 2006, Plaintiff filed a Change of Address and the returned mail was hand delivered to Plaintiff.  Thus, the Court issued an Order that the time for filing Plaintiff's responses to the Court's Questionnaire be extended to 9:00 a.m. on May 26, 2006.  Plaintiff's responses to the Questionnaire were filed on May 16, 2006.

[2] It is not apparent that all Defendants are diverse in citizenship.  Although the Court specifically attempted to question Plaintiff as to Defendants' citizenship, Plaintiff's response to question 14 on page 6 of the Court's Questionnaire was of little assistance.

For the reasons stated above, the Court finds that the Plaintiff's Motion to Proceed *in Forma Pauperis* should be **DENIED** and the above-styled and -numbered cause should be **DISMISSED** without prejudice.[3]

SO ORDERED this 22nd day of May, 2006.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT COURT

---

[3] This Order does not prevent Plaintiff from filing this action in the appropriate state court should he wish to proceed with this action.